IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § | |
| POLUN HUANG | § § § | CASE NO. 10-38525 (Chapter 7) |
| A PLUS NATIONAL MANAGEMENT LLC | § § § § | CASE NO. 10-39243 (Chapter 11) |
| 10905 BELLAIRE INVESTMENT, LLC | § § § | CASE NO. 10-39244 (Chapter 11) |
| 8601 BOONE INVESTMENT, LLC | § § § | CASE NO. 10-39245 (Chapter 11) |
| EXPRESS BUS & TRUCK SERVICE, LLC | § § § | CASE NO. 10-39246 (Chapter 11) |
| CASINO EXPRESS, LLC | § § § | CASE NO. 10-39247 (Chapter 11) |
| HAPPY TRAIL, LLC | § § § | CASE NO. 10-39248 (Chapter 11) |

DEBTORS

---

**DEBTORS' MOTION FOR JOINT ADMINISTRATION**

---

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU, IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN

**AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

Come now POLUN HUANG, A PLUS NATIONAL MANAGEMENT, LLC, 10905 BELLAIRE INVESTMENT, LLC., 8601 BOONE INVESTMENT, LLC., EXPRESS BUS & TRUCK SERVICE, LLC. CASINO EXPRESS, LLC. and HAPPY TRIAL, LLC., Debtor and Debtors-in-Possession herein, with this Motion for Joint Administration and in support thereof would show unto the Court as follows:

1. On September 30, 2009, Polun Huang filed a Voluntary Petition for Relief under Chapter 7 of Title 11 of the United States Code in Case No. 10-38525.

2. Joseph M. Hill was appointed as the Chapter 7 Trustee. The meeting of creditors has not occurred as of this date. The first meeting of creditors is currently scheduled for November 2, 2010, at 10:30 A.M.

3. This Chapter 7 proceeding is currently pending before this Court as an "asset" estate. The major non-exempt asset of this bankruptcy estate is the Debtor's interest in the following limited liability corporations:

      a. A Plus National Management, LLC.;
      b. 10905 Bellaire Investment, LLC.;
      c. 8601 Boone Investment, LLC.;
      d. Express Bus & Truck Service, LLC.;
      e. Casino Express, LLC. and
      f. Happy Trail, LLC.

4. Prior to the filing for relief under Chapter 7 of Title 11 of the U.S.C., Polun

Huang was involved in a bitter divorce action styled in re: *In the Matter of the Marriage of Regina Yu Huang and Polun Huang and in the Interest of Heather Regina Huang and Hunter Yu Huang, Children,* in the District Court 310th Judicial District Harris County, Texas, Case No. 2009-53942. As a direct result of the above referenced divorce proceeding, the 310th Judicial District of Harris County, Texas issued Temporary Orders involving the property of not only this estate but the ownership interest and benefit of the businesses owned by the parties such to the divorce proceeding. The following businesses are the entitled subject to that Temporary Order:

      a.    A Plus National Management, LLC.;
      b.    10905 Bellaire Investment, LLC.;
      c.    8601 Boone Investment, LLC.;
      d.    Express Bus & Truck Service, LLC.;
      e.    Casino Express, LLC. and
      f.    Happy Trail, LLC.

The Temporary Orders are to remain in full force and effect until the signing of the Final Decree of Divorce or until further order of the divorce Court.

    5.    Because of the conflict arising between parties to the divorce proceeding the well being of the businesses were a major concern. The assets of the businesses were in jeopardy of being foreclosed on by secured creditors. In fact, three (3) buses titled in the name of A Plus National Management, LLC were seized by a secured creditor, TCF Equipment Finance, on October 1, 2010. On October 5, 2010, the bookkeeper appointed by the Temporary Orders received Notification of Disposition of Collateral by Private Sale from TCF.

    6.    This action was reported to the Chapter 7 Trustee, Joseph M. Hill. As a result of this action, a meeting was conducted by Mr. Hill, the Debtor, Debtor's attorney, J. Craig Cowgill,

the firm appointed under the Temporary Orders responsible for the bookkeeping and its Attorney.

7.  Because the Trustee, Joe Hill, for Mr. Huang's case was concerned about the Debtor's interest in the six (6) operating businesses and the preservation of the value of these assets. After reviewing the documentation involving the Certification of Limited Liability Companies it was determine that all six (6) entitles were joint management by the Debtor and his wife, Regina Yu. , Accordingly, 11 U.S.C. §541(a)(2)(A) was applicable.

11 U.S.C.541(a)(2)(A) states as follows:

"**Property of the estate**

(a) The commencement of a case.....creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:

(2) All interest of the Debtor and the Debtor's spouse in community property as of the commencement of the case that is-

(A) under the sole, equal or joint management and control of the Debtor"

According to the Debtor's records and the Secretary of State all of the Limited Liability Company were acquired during their marriage. Further, the Secretary of State records indicate they are jointly managed. Therefore 100% of the ownership of these Limited Liability Company are property of the Debtor's bankruptcy estate.

8.  On October 7, 2010, Mr. Hill authorized the Debtor, Polun Huang, to retain counsel for these Limited Liability Companies and to immediately file Chapter 11 bankruptcy proceedings to protect their assets. Mr. Hill further determined that Mr. Hung's participation is necessary to effectuate the filing of the Voluntary Petitions, schedules and statement of affairs with the Court and to be the designated Debtor representative given the management issues between the Debtor and his wife as joint managers.

9. Mr. Hill further authorized that upon placing the six (6) Limited Liability Companies into the Chapter 11's, that an emergency motion be filed to appoint a Trustee and to have the Chapter 11 cases jointly administered with Mr. Huang's case.

10. On October 13, 2010, A Plus National Management, LLC filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. A Plus National Management, LLC. (hereinafter referred to as "A Plus") is operating as a Debtor-in-Possession under Case No. 10-39243. Judge Jeff Bohm was assigned the presiding Judge over this case.

11. On October 13, 2010, 10905 Bellaire Investment, LLC filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. 10905 Bellaire Investment, LLC (hereinafter referred to as "10905 Bellaire") is operating as a Debtor-in-Possession under Case No. 10-39244.

12. On October 13, 2010, 8601 Boone Investment, LLC filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. 8601 Boone Investment, LLC (hereinafter referred to as "8601 Boone") is operating as a Debtor-in-Possession under Case No. 10-39245.

13. On October 13, 2010, Express Bus & Truck Service, LLC. filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Express Bus & Truck Service, LLC. (hereinafter referred to as "Express Bus") is operating as a Debtor-in-Possession under Case No. 10-39246.

14. On October 13, 2010, Casino Express, LLC filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Casino Express, LLC. (hereinafter referred to as "Casino Express") is operating as a Debtor-in-Possession under Case No. 10-39247.

15. On October 13, 2010, Happy Trial, LLC. filed a Voluntary Petition under Chapter 11 of the Bankruptcy Code. Happy Trial, LLC. (hereinafter referred to as "Happy Trial") is operating as a Debtor-in-Possession under Case No. 10-39248.

16. All of the above Debtors are currently pending before the Bankruptcy Court. As a way of background, all of the Debtors jointly executed and guaranteed all loans to various lenders providing a lien on the buses and real estate. In the interest of judicial economy, it would be more feasible if the Debtors were jointly administered under Case No. 10-38525 to avoid any conflict over setting duplicate hearings, duplicate pleadings and orders to sell the Debtors' assets and other administrative matters.

17. Bankruptcy Rule 1015 allows for the joint administration of Debtors provided that the interest of the respective Debtor's creditors are not negatively affected by the joint administration. In the instant proceedings, the majority of the creditors are the same, the majority of the debts are secured by assets belonging to each other. Therefore, their respective creditors will be duly protected.

18. Given the circumstances, the Debtors respectfully request that their Chapter 11 cases be jointly administered under the Chapter 7 case, Mr. Huang's case, Case No. 10-38525. Any adversary proceedings or claim registers should be maintained separate.

Respectfully submitted this 14th day of October, 2010.

J. CRAIG COWGILL & ASSOC, P.C.

By: /s/J. Craig Cowgill
J. Craig Cowgill
State Bar No. 04929000
8100 Washington, Suite 120
Houston, Texas 77098
713/956-0254 (telephone)
713/956-6284 (telecopier)
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been served upon and assistance all creditors and parties in interest entitled to receive notice via the Court's CM/ECF system on the 14th day of October, 2010.

/s/J. Craig Cowgill
J. Craig Cowgill